

# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

1  TODD BLANCHE
   Deputy Attorney General of the United States
2  SIGAL CHATTAH
   First Assistant United States Attorney
3  Nevada Bar No. 8264
   RICHARD ANTHONY LOPEZ
4  Assistant United States Attorney
   United States Attorney's Office, District of Nevada
5  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
6  (702) 388-6336/Fax: (702) 388- 6418
   Tony.Lopez@usdoj.gov
7
   PATRICK BURNS
8  Nevada Bar No. 11779
   Trial Attorney
9  Tax Section, Criminal Division
   U.S. Department of Justice
10 1331 F St NW
   Washington, DC 20004
11 (202) 514-2174/Fax: (202) 514-9623
   J.Patrick.Burns@usdoj.gov
12
   *Representing the United States of America*

```
               FILED              RECEIVED
               ENTERED            SERVED ON
                      COUNSEL/PARTIES OF RECORD

                      DEC 0 2 2025

                      CLERK US DISTRICT COURT
                        DISTRICT OF NEVADA
             BY:_____ DEPUTY
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **SEALED**<br>**CRIMINAL INDICTMENT** |
| Plaintiff, | Case N: 2:25-cr- 346-CDS-NJK |
| vs. | **VIOLATIONS:** |
| MICHAEL J. MOORE, | 18 U.S.C. § 1343 – Wire Fraud |
| Defendant. | 26 U.S.C. § 7206(2) – Aiding and Assisting in the Preparation and Presentation of False and Fraudulent Individual Income Tax Returns |
| | 18 U.S.C. § 1028A – Aggravated Identity Theft |
| | 18 U.S.C. § 3147(1) – Commission of Felony While on Pretrial Release |

The Grand Jury charges that at all times relevant to the Indictment:

## BACKGROUND

1. The defendant MICHAEL J. MOORE ("the defendant") owned and operated a tax preparation business called X Tax Pros LLC (X Tax Pros).

2. X Tax Pros maintained an office in Las Vegas, Nevada, where the defendant offered tax preparation, bookkeeping, and accounting services from 2018 through in or about 2025.

3. On or about September 5, 2025, the defendant made his initial appearance on a single-count Criminal Information in *United States v. Michael J. Moore*, Case No. 2:25-cr-00225-JCM-NJK. That same day, the defendant pled guilty to one count of Attempt to Evade or Defeat a Tax in violation of 26 U.S.C. § 7201 and was ordered released on a personal recognizance bond pending sentencing pursuant to Chapter 207 of Title 18 of the United States Code.

4. The defendant's release bond, which he personally signed, advised him that "[w]hile on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years . . . . This sentence will be consecutive (i.e. in addition to) to any other sentence you receive."

5. The Internal Revenue Service (IRS) was an agency of the United States within the Department of the Treasury of the United States responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

6. An IRS Form 1040, U.S. Individual Income Tax Return (Form 1040), was used by U.S. taxpayers to file an annual income tax return.

7.  An IRS Form 1120, U.S. Corporation Income Tax Return (Form 1120), was used by domestic corporations to report, among other things, their income, gains, losses, deductions, and credits, and to figure their income tax liability.

8.  An IRS Form 1120-S, U.S. Income Tax Return for an S Corporation (Form 1120-S), was used to report, among other things, the income, gains, losses, deductions, and credits of a domestic corporation or other entity for any tax year covered by an election to be an S corporation. An S corporation was a corporation that elected to pass corporate income, losses, deductions, and credits through to its shareholders for federal tax purposes. Shareholders of S corporations reported the flow-through of income and losses on their personal tax returns and were assessed tax at their individual income tax rates.

9.  A Preparer Tax Identification Number (PTIN) was a number issued by the IRS to paid tax return preparers. It was used as the tax return preparer's identification number and, when applicable, was required to be placed in the paid preparer section of a tax return that the tax return preparer prepared in exchange for compensation.

## THE SCHEME TO DEFRAUD

10. From on or about August 4, 2025, to on or about October 31, 2025 the defendant devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false pretenses, representations, and promises.

11. The object of the scheme and artifice was for the defendant to obtain money from the IRS by filing false tax returns fraudulently claiming losses, deductions, expenses, and refunds and to otherwise obtain money by using false and fraudulent tax returns to deprive the IRS of income taxes due and owing to it by clients of the defendant's tax preparation business.

12. The manner and means by which the defendant accomplished the object of the scheme and artifice included, but were not limited to the following:

    a. The defendant prepared and caused to be prepared Forms 1040 for his clients. If a client operated a business, the defendant would also prepare and cause to be prepared a Form 1120 or 1120-S for the business.

    b. After preparing a client's draft tax return, the defendant told the client how much tax was due and owing or the expected income tax refund amount according to the draft return. The defendant then told the client that the client's income tax liability could be significantly reduced, or the refund significantly increased, if they paid him fees in exchange for a tax benefit. The defendant at times described the fees as being paid for a "Special Tax Shelter Strategy (STSS)" or to benefit from a "tax shelter." The defendant frequently described the fees as being paid to his "tax shelter partners." In truth and in fact, the defendant caused his clients to direct the fees to an account for which the defendant was the sole owner and signer and no part of the fees was paid to any partners. Where a client was unable to pay the fees up front or in full at the time of the tax return preparation, the defendant directed the client to pay him the fees or fee balance after the client received the refund from the IRS.

    c. To create the tax benefit he promised in exchange for the fees, the defendant fabricated entries on his client's tax returns. He did this primarily by including Schedules E, Supplemental Income and Loss, on the clients' Forms 1040. The Schedules E falsely reported that the clients had sustained a nonpassive loss from one or more partnerships, corporations, or business entities. The false losses resulted in the clients underreporting their taxable income and tax liability. These losses also fraudulently generated refunds for many of the defendant's clients. In truth and in fact, and as the

defendant well knew, the clients for whom he claimed these losses never owned any interest or equity in any of the partnerships, corporations, or business entities listed on the Schedules E and had not suffered and were not entitled to claim the losses falsely reported in the tax returns that the defendant filed. Furthermore, the partnerships, corporations, and business entities from which these losses supposedly flowed did not carry on any business, file tax returns, report or sustain losses, or report the clients as partners. At other times, to create the promised tax benefits, the defendant included assorted false items on Forms 1040, Forms 1120, and Forms 1120-S that he filed for his clients, including false consulting fees and expenses, professional fees and expenses, "other costs," "other expenses," and cost of goods sold.

   d.   The defendant electronically filed these false and fraudulent tax returns from his office and residence in Las Vegas, Nevada causing them to be transmitted to IRS processing centers outside the State of Nevada.

   e.   It was a further part of the scheme that, in order to conceal his identity, evade detection, and ensure the IRS accepted the false and fraudulent tax returns described above, the defendant prepared and filed those tax returns, and caused them to be prepared and filed, using the name, PTIN, and email address of a former X Tax Pros employee, Former Employee #1, whose identity is known to the grand jury.

### *Statutory Allegations*

### COUNTS ONE THROUGH THREE
**Wire Fraud**
(Title 18, United States Code, Sections 1343 and 3147)

13.   The allegations set forth in paragraphs 1 through 12 of this Indictment are re-alleged and incorporated here as if set forth in full.

14. From on or about August 4, 2025, to on or about October 31, 2025, in the State and Federal District of Nevada,

**MICHAEL J. MOORE,**

the defendant herein, did devise and intend to devise and participate in a scheme and artifice to defraud and for obtaining money and property by means of materially false pretenses, representations, and promises.

15. Beginning on or about September 5, 2025, the defendant's conduct occurred while on pre-sentencing release pursuant to Chapter 207 of Title 18 of the United States Code in *United States v. Michael J. Moore*, Case No. 2:25-cr-00225-JAD-NJK, and having been notified of the potential effect of committing a felony offense while on release.

16. On or about the dates set forth below, for the purpose of executing the scheme and artifice, the defendant did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writing, signs, signals, pictures, and sounds, namely, electronically filed tax returns, as described below, to IRS processing centers located outside the State of Nevada, from his office, residence, and other locations in the State of Nevada, with each count constituting a separate violation of 18 U.S.C. § 1343 and, because the defendant committed the offense while on pre-sentencing release, Count Three also constituting a violation of 18 U.S.C. § 3147(1):

| Count | Date of Wire Transmission | Wire Transmission |
|---|---|---|
| ONE | 08/26/25 | Electronic filing of a 2024 Form 1040, U.S. Individual Income Tax Return, for J.A. |
| TWO | 09/03/25 | Electronic filing of a 2024 Form 1040, U.S. Individual Income Tax Return, for S.S. and M.S. |
| THREE | 10/11/25 | Electronic filing of a 2024 Form 1040, U.S. Individual Income Tax Return, for M.R. and J.R. |

**COUNTS FOUR THROUGH SIX**
**Aiding and Assisting in the Preparation and Presentation of False and Fraudulent Individual Income Tax Returns**
**(Title 26, United States Code, Section 7206(2) and Title 18, United States Code, Section 3147)**

17. The allegations set forth in paragraphs 1 through 9 of this Indictment are re-alleged and incorporated here as if set forth in full.

18. On or about each date listed below, within the District of Nevada and elsewhere,

**MICHAEL J. MOORE,**

the defendant herein, willfully aided and assisted in, counseled, and advised the preparation and presentation of U.S. Individual Income Tax Returns, Forms 1040, to the Internal Revenue Service, for and on behalf of the taxpayers identified below, on the below listed dates, which were false and fraudulent as to the material matters set forth below, with each count constituting a separate violation of 26 U.S.C. § 7206(2) and, because the defendant committed the offense while on pre-sentencing release, Count Six also constituting a violation of 18 U.S.C. § 3147(1):

| Count | Tax Year | Date of Offense | Taxpayer(s) | False Item(s) Claimed |
|---|---|---|---|---|
| FOUR | 2024 | 08/26/25 | J.A. | Schedule C, Lines 27a ("CONSULTING FEES"), 28-29, 31, Part V Line 48; Schedule E, Part II, Line 28(A)-(C)(i) – Nonpassive Loss; Lines 29(b)(i), 31-32 |
| FIVE | 2024 | 09/03/25 | S.S., M.S. | Schedule E, Part II, Line 28(B)-(E)(i) – Nonpassive Loss; Lines 29(b)(i), 31-32 |
| SIX | 2024 | 10/11/25 | M.R., J.R. | Schedule E, Part II, Line 28(A)-(D)(i) – Nonpassive Loss; Lines 29(b)(i), 31-32 |

## COUNT SEVEN
### Aggravated Identity Theft
### (Title 18, United States Code, Section 1028A(a)(1))

19. The allegations set forth in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if set forth in full.

20. On or about August 26, 2025, in the State and Federal District of Nevada and elsewhere,

**MICHAEL J. MOORE,**

the defendant, and others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit: the name, PTIN, and email address of Former Employee #1, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: wire fraud as alleged in Count One of this Indictment, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT EIGHT
### Aggravated Identity Theft
### (Title 18, United States Code, Section 1028A(a)(1))

21. The allegations set forth in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if set forth in full.

22. On or about September 3, 2025, in the State and Federal District of Nevada and elsewhere,

**MICHAEL J. MOORE,**

the defendant, and others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit: the name, PTIN, and email address of Former Employee #1, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: wire fraud as alleged in Count

Two of this Indictment, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

### COUNT NINE
**Aggravated Identity Theft**
**(Title 18, United States Code, Section 1028A(a)(1))**

23. The allegations set forth in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein as if set forth in full.

24. On or about October 11, 2025, in the State and Federal District of Nevada and elsewhere,

**MICHAEL J. MOORE,**

the defendant, and others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit: the name, PTIN, and email address of Former Employee #1, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: wire fraud as alleged in Count Three of this Indictment, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

DATED: this 2nd day of December, 2025.

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Patrick Burns*
PATRICK BURNS
Trial Attorney
Tax Section, Criminal Division

RICHARD ANTHONY LOPEZ
Assistant United States Attorney

9