TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
Nevada Bar No. 8264
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
United States Attorney's Office, District of Nevada
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6418
Tony.Lopez@usdoj.gov

PATRICK BURNS
Nevada Bar No. 11779
Trial Attorney
Criminal Division, Tax Section
U.S. Department of Justice
1331 F St NW
Washington, DC 20004
(202) 514-2174/Fax: (202) 514-9623
J.Patrick.Burns@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00346-CDS-NJK |
| Plaintiff, | |
| vs. | STIPULATION FOR A PROTECTIVE ORDER |
| MICHAEL J. MOORE, | |
| Defendant. | |

The parties, by and through the undersigned, respectfully request that the Court issue an order protecting from disclosure to the public, or any third party not directly related to this case, any documents, recordings, or other tangible things produced by the government during discovery that contain the confidential taxpayer information or personal identifying information of non-defendants referenced in the discovery. The parties state as follows:

1. The indictment in this case issued on December 2, 2025.

2. Trial is currently scheduled for February 9, 2026.

3. The indictment charges the defendant with an alleged scheme to commit wire fraud by preparing and presenting false tax returns for clients of his tax preparation business and committing aggravated identity theft. The discovery therefore contains taxpayer information, including tax returns and information otherwise deemed confidential under 26 U.S.C. § 6103. The discovery also contains the personal identifying information, such as social security numbers and birthdates of numerous individuals. The release of such information to the public or third parties not involved in the case could endanger the privacy of the individuals mentioned in the discovery and subject them to potential misuse of their identities. This confidential taxpayer and personal identifying information is referred to here as the "Protected Information."

4. In order to protect the privacy of the individuals referenced in the discovery, the parties intend to restrict access to the following individuals: attorneys for all parties, the parties, and any personnel that the attorneys consider helpful or necessary to assist in performing that attorney's duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, consultants, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

5. The Covered Individuals shall be advised of the Protective Order, and, without leave of Court, the Covered Individuals shall not:

   a. make copies for, or allow copies of any kind to be made by any other person of the Protected Information in this case;

   b. allow any other person to read, listen, or otherwise review the Protected Information in this case;

    c. use the Protected Information for any purpose other than preparing to defend against or prosecute the charges in the Indictment or any further superseding indictment arising out of this case; or

    d. attach any Protected Information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1's redaction rules.

6. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at trial or support in motion practice.

7. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

8. The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the government will move expeditiously for its dissolution.

9. The defense hereby stipulates to this protective order.

DATED: December 11, 2025

Respectfully submitted,

For the United States:

SIGAL CHATTAH
First Assistant United States Attorney

*/s/Patrick Burns*
_____
PATRICK BURNS
Trial Attorney
Criminal Division, Tax Section

IT IS SO ORDERED.
Dated:  December 22, 2025
.
.
_____
Nancy J. Koppe
United States Magistrate Judge

3

For the Defense:

RENE L. VALLADARES
Federal Public Defender

*/s/ Rebecca A. Levy*
_____
REBECCA A. LEVY
Assistant Federal Public Defender